UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL INDUSTRIES HOLDINGS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> EDGAR MORA and EC CELLARS, LLC, <br><br> Defendants. | Docket No. <br><br><br> **COMPLAINT** |

Plaintiff Global Industries Holdings Ltd., by and through its undersigned attorneys, Hoguet Newman Regal & Kenney, LLP, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendants Edgar Mora ("Mora") and EC Cellars, LLC ("EC Cellars" and together with Mora, "Defendants") have intentionally and wrongfully retained possession of wine purchased by Plaintiff in April 2019 and requesting that the Court direct Defendants to relinquish possession of this wine or order Defendants to compensate Plaintiffs in an amount not less than the present market value of the wine.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

3. Personal jurisdiction and venue are predicated on 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this venue and, on information and belief, a substantial part of the property that is the subject of the action is situated in this venue.

## PARTIES

4. Plaintiff Global Industries is a Bahamas-incorporated company with a principal place of business at 23F-1, No. 213, Chaofu Road, Xitun Di, Taichung, 407, Taiwan, ROC.

5. Defendant Mora is a natural person and, on information and belief, a resident of the State of New York, residing at 105 Florence St Mamaroneck, NY 10543.

6. On information and belief, Defendant EC Cellars is a California limited liability company with a principal place of business at 2001 Palmer Ave LL3, Larchmont, New York 10538.

## FACTUAL ALLEGATIONS

7. EC Cellars is a wine retailer specializing in rare, highly valuable brands from California and Europe.

8. From June 2018 to April 2019, Plaintiff purchased two batches of wine from EC Cellars, each batch consisting of over 30 cases of fine wine.

9. Mora, as head and sole operator of EC Cellars, acted as agent of EC Cellars for each of these transactions and was Plaintiff's primary point of contact at EC Cellars.

10. Throughout the purchase process, Mora was readily accessible by cell phone and company email, and frequently communicated with Plaintiff.

11. In June 2018, Plaintiff purchased a first batch of wine, consisting of several cases of Petrus and Screaming Eagle brand wine, collectively valued at $359,258.98.

12. Plaintiff paid the invoices for the first batch upon receipt.

13. At Defendant's recommendation, the invoices for the first batch listed the delivery location as Seabrook Export Services ("Seabrook"), located at 8 River Road in London, United Kingdom.

14. As Defendants had recommended Seabrook as the storage destination for the first batch, Defendants did not object to, or take issue with the designation of Seabrook as the delivery destination, and arrangements were made for delivery.

15. In October 2018, Seabrook confirmed receipt of the first batch of wine. Seabrook continues to store the first batch of wine for Plaintiff.

16. In April 2019, Plaintiff purchased a second batch of wine, consisting of Screaming Eagle and Domaine de la Romanee-Conti brand wines, valued at $375,939.00. With the second batch, Plaintiff had purchased a total of $735,197.98 worth of wine from Defendants.

17. Mora used publicly available data of the average prices for each brand and vintage of wine to calculate the purchase price of all wine purchased by Plaintiff. Mora shared this data via email prior to Plaintiff's purchase of the second batch.

18. Plaintiff requested that the second batch also be shipped to Seabrook, as had been the practice and course of conduct established with the first batch.

19. Accordingly, preliminary invoices for the second batch listed Seabrook as the delivery destination.

20. At Defendants' insistence, these preliminary invoices were cancelled and revised, changing the initial storage location for the second batch from Seabrook to EC Cellars' Larchmont warehouse. Plaintiff agreed to this revision, on the understanding that each batch would first be processed at the Larchmont warehouse for consolidation, then re-packed before being air shipped to Seabrook.

21. Defendants invoiced the second batch across four final invoices, which Plaintiff paid in full upon receipt.

22. On July 7, 2021, EC Cellars sent Plaintiff a letter in response to inquiries from Plaintiff regarding the storage and condition of the second batch. EC Cellars claimed that the second batch was being stored at the Larchmont warehouse as of the date of the letter.

23. The July 2021 letter is the last written confirmation from EC Cellars regarding the location of the Order.

24. Defendants represented to Plaintiff that the second batch remained at the Larchmont warehouse and had not yet been shipped to Seabrook because of shipping delays caused by the COVID-19 pandemic.

25. On October 30, 2022, Plaintiff instructed Mora to arrange for shipment of the second batch from the Larchmont warehouse to Seabrook.

26. Over the following seven months, Mora failed to execute Plaintiff's express instruction to ship the second batch to Seabrook.

27. Mora subsequently stopped responding to Plaintiff's text messages, calls, and emails.

28. John Wyatt, the Managing Director of Seabrook, intervened to encourage Defendants to respond to Plaintiff's inquiries, to no success.

29. On May 17, 2023, Plaintiff emailed Mora, copying attorney John P. Engel, reiterating its instruction to ship the second batch to Seabrook.

30. Following this email, Mora verbally committed to Plaintiff that EC Cellars would ship the second batch to Seabrook the following week.

31. On May 23, 2023, Plaintiff's attorney Engel sent Mora a letter, requesting that Mora confirm he would execute Plaintiff's instruction, and confirm the current location of the

second batch. Engel warned that failure on Mora's part to communicate would lead Plaintiff to consider other actions to safeguard the asset and hold Defendants to account.

32. Mora has not responded to the May 23, 2023 letter, and continues to evade Plaintiff's repeated attempts at communication. For all practical purposes, the second batch is missing, and Plaintiff has no recourse to ensure delivery of his property through established communication channels with Defendant.

33. Domaine de la Romanee-Conti and Screaming Eagle brand wines are scarce and highly valuable assets that have appreciated considerably in value since Plaintiffs' purchase in April 2019.

34. Three bottles of Screaming Eagle wine purchased in the second batch bore the signature of the prolific winemaker responsible for those vintages, further increasing the value of the wine and rendering it significantly more difficult to replace.

35. Using the same publicly available market data that Mora used to calculate purchase prices in April 2019, as well as taking into account the likely price premium associated with the signed bottles of wine and the bottles of wine sold together as a collection, Plaintiff estimates in good faith that the second batch is currently worth at least $750,000.00 as of the date of this filing.

**FIRST CAUSE OF ACTION**
**(Conversion)**

36. Plaintiff repeats and realleges each of the foregoing paragraphs of the complaint as if fully set forth herein.

37. At all relevant times, Plaintiff had the right to possess the second batch of wine, as Plaintiff paid the invoices for the second batch in full upon receipt.

38. Defendants intentionally assumed control over the wine in the second batch by failing to execute Plaintiff's instruction to ship the second batch to Seabrook, thus retaining possession of the undelivered wine allegedly stored at the Larchmont warehouse.

39. Defendants have maintained their possession of the second batch to the exclusion of Plaintiff's rights.

40. As a result of Defendants' intentional and wrongful conduct, Plaintiff has been and will continue to be injured, for which Plaintiff is entitled to recover compensatory damages and interest in an amount as valuation by an expert and proof at trial may warrant, as well as punitive damages in an amount as proof at trail may warrant.

41. Plaintiff is entitled to recover all monies expended to recover converted property as special damages, including attorney's fees.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

42. Plaintiff repeats and realleges each of the foregoing paragraphs of the complaint as if fully set forth herein.

43. Defendants accepted payment for the second batch but have retained possession of the wine against Plaintiff's express instruction.

44. Defendants therefore have been unjustly enriched, at Plaintiff's expense, by their continued retention of the second batch.

45. Equity and good conscience require that Defendants relinquish possession of the second batch or otherwise compensate Plaintiff for loss of this undelivered investment property.

46. As a result, Plaintiff has been damaged in an amount as valuation by an expert and proof at trial may warrant, plus all fees, costs, attorney's fees, and pre-judgment interest, to the extent available under applicable law.

## **THIRD CAUSE OF ACTION**
(Replevin)

1. Plaintiff repeats and realleges each of the foregoing paragraphs of the complaint as if fully set forth herein.

2. As of the date of this filing, Defendants continue to wrongfully possess the cases of wine purchased in the second batch.

3. Plaintiff has repeatedly requested that the second batch be transported to Seabrook, but Defendants have refused to execute Plaintiffs' instruction.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgement as follows:

A. For a prejudgment attachment of Defendants' assets in the amount of $750,000.00, pursuant to FRCP 64 and CPLR § 6201;

B. Directing Defendants to return any and all wine purchased by Plaintiff currently in Defendants' possession and/or to effectuate shipment of Plaintiffs' undelivered wine pursuant to Plaintiff's instructions;

C. In the alternative, awarding Plaintiff damages in an amount to be proven by an expert at trial, but not less than $750,000.00;

D. Awarding Plaintiff all fees, costs, attorney's fees, and pre-judgement interest, to the extent applicable under law

E. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

[*Remainder of page left intentionally blank*]

Dated: New York, New York
August 9, 2023

                          HOGUET NEWMAN
                          REGAL & KENNEY, LLP

By: _/s/ Connor Shea_____
       Fredric S. Newman
       Connor G. Shea
       One Grand Central Place
       60 East 42nd Street, 48th Floor
       New York, New York 10165
       Tel.: 212-689-8808
       Fax: 212-689-5101
       *Attorneys for Plaintiffs*